UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERTRUDE GOROD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>MARK EVERSON, SUSAN MEREDITH, )<br>and MARK FINNERTY, )<br>)<br>Defendants. )<br>) | Civ. Action No. 04-CV-12454-MLW |

## FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR MOTION TO DISMISS

Defendants, United States of America, Mark Everson and Susan Meredith (the "Federal Defendants"), hereby submit this memorandum in support of their motion to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6).

### Introduction and Summary of Argument

Plaintiff, Gertrude Gorod ("Gorod"), brought this suit *pro se* seeking damages for pain and suffering following an alleged federal tax levy on her Massachusetts state pension. Plaintiff alleges that the money was wrongfully taken from her pension as a result of some unspecified fraudulent conspiracy of the defendants. The individual federal defendants are Mark Everson, Commissioner of the Internal Revenue Service ("IRS"), and Susan Meredith, Operations Manager of the IRS. As set forth below, the Complaint must be dismissed for a variety of reasons, including: (1) the Plaintiff fails to allege any facts that would allow her to recover damages under any theory of law; (2) the Plaintiff has failed to exhaust administrative remedies; and (3) the federal employees have qualified immunity from lawsuits for actions taken in the

course of their official duties.

## Statement of Facts[1]

Plaintiff is a retired senior citizen currently residing in the Massachusetts. Complaint ¶¶ 1, 13. She alleges that she receives a monthly pension check from the Commonwealth of Massachusetts. Id. at ¶ 8. She also claims that approximately $1,728.35 was missing from each of her monthly pension checks in September and October of 2003, leaving her with two checks for $515.14. Id. Plaintiff further alleges that as a result of the reduced monthly checks, she has been deprived food, medication, heat, and other life necessities. Complaint ¶ 9.

After sending a letter to the Treasurer and Receiver General of Massachusetts, Plaintiff was informed that the money was removed from her pension check due to a levy by the IRS. Complaint ¶11 and Ex. A. Upon receipt of this information, Plaintiff sent a letter, dated November 12, 2003, to the IRS requesting payment of the money she believed was wrongfully withheld from her pension checks. Id.

Plaintiff's complaint alleges that the she never owed any money to the IRS. Complaint ¶ 13. The Complaint fails to allege any specific facts or acts of conduct on the part of the Federal Employees; it merely names the individual federal defendants in their official capacities and states that they were involved in a fraudulent conspiracy to take money from her pension. Id. Although Plaintiff claims she has been deprived of $3,456.70, she seeks $500 million in damages for the pain and suffering she has allegedly endured. Id.

---

[1] For purposes of this motion only, the Plaintiff's allegations are taken as true.

## ARGUMENT

A.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST THE UNITED STATES.

While courts generally construe *pro se* submissions with some liberality, Silvia v. Hall, 193 F.Supp.2d 305, 309 (D.Mass. 2002), "pro se plaintiffs must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate when the court lacks jurisdiction over the claims or the parties and when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F.Supp.2d 295, 303 (D.Mass. 2001). For the reasons discussed below, Plaintiff's complaint fails to allege any actionable claim and, therefore, should be dismissed.

    1.    The Doctrine Of Sovereign Immunity Bars Lawsuits Against The United States Unless The Government Has Specifically Waived Its Immunity.

Plaintiff's complaint constitutes an impermissible attempt to sue the United States government for monetary damages. It is well settled law that "[s]overeign immunity bars lawsuits against the United States unless the United States has waived that immunity." McMillen v. United States, 960 F.2d 187, 188 (1st Cir. 1991). In addition, "[w]here there is no statute expressly waiving the sovereign immunity of the United States, dismissal of the action is required." White v. Commissioner of I.R.S., 899 F.Supp. 767, 774 (D.Mass. 1995) (citing Stout v. United States, 229 F.2d 918 (2nd Cir. 1956), cert. denied, 351 U.S. 982 (1956)).

Plaintiff's lawsuit against the United States is barred by its sovereign immunity and, therefore, must be dismissed.

3

2. <u>The Federal Tort Claims Act Specifically Exempts The United States From Claims Arising Out Of The Assessment And Collection Of Taxes</u>.

Under certain circumstances, the United States permits a waiver of its immunity for lawsuits brought under the Federal Tort Claims Act ("FTCA"). Although Gorod does not allege any claims under the FTCA, her allegations may implicate general tort theories to the extent she alleges some kind of fraud in connection with an IRS tax levy on her pension. However, the FTCA bars recovery for claims arising out of the assessment or collection of any tax.

"The FTCA provides a limited waiver of sovereign immunity for suits filed against the United States." <u>White</u>, 899 F.Supp. at 774. <u>See also</u> 28 U.S.C. §§ 1346(b), 2671-2680. Despite the existence of waivers, the FTCA "specifically exempts both claims 'arising in respect of the assessment or collection of any tax' and claims 'based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or and employee of the, Government, whether or not the discretion involved be abused.'" <u>White</u>, 899 F.Supp. at 774 (citing 28 U.S.C. § 2680(c) and § 2680(a), respectively).

Plaintiff is clearly seeking damages for alleged pain and suffering arising out of the assessment or collection of tax. Therefore, the language of 28 U.S.C. § 2680(c) is controlling. "[T]he FTCA does not provide the necessary waiver of sovereign immunity to allow Plaintiff to recover damages." <u>Id</u>. at 774. <u>See also</u> <u>McMillen v. United States</u>, 960 F.2d 187 (1st Cir. 1991) (sovereign immunity barred Plaintiffs' FTCA claim for tax refund); <u>Bank of N.H. v. United States</u>, 115 F.Supp.2d 214, 221 (D.N.H. 2000) (court applied section 2680(c) in dismissing Bank's tort claim for conversion because it related to tax collection).

Therefore, Gorod cannot sustain a tort claim against the United States and, her Complaint

4

must be dismissed.

    3.    <u>Plaintiff Cannot Recover Damages Under A Theory Of A Constitutional Violation Of Due Process</u>

Although Plaintiff does not specifically raise a constitutional claim against the United States, her complaint could conceivably be interpreted as raising an issue of due process. However, she cannot maintain such an action because there can be no recovery of monetary damages against the United States for constitutional violations.

In dismissing the plaintiff's claim for damages against the IRS in <u>White v. Commissioner of I.R.S.</u>, 899 F.Supp. 767, 775 (D.Mass. 1995), the court unequivocally stated that "a suit for money damages to remedy an alleged violation of Constitutional rights may not be maintained against the United States." <u>Id</u>. (citing <u>American Association of Commodity Traders v. Deparment of Treasury</u>, 598 F.2d 1233, 1235-36 (1st Cir. 1979)). It plainly follows that Gorod cannot maintain an action for money damages against the United States under a theory of a constitutional violation.

    4.    <u>Plaintiff Has Not Set Forth Any Facts That Would Entitle Her To Recovery Under 26 U.S.C. § 7433.</u>

Though the Plaintiff does not specifically seek recovery under 26 U.S.C. § 7433, it is clear that she has failed to set forth facts sufficient to sustain such an action. Section 7433 constitutes a limited waiver by the United States of sovereign immunity and provides for monetary damages for unauthorized collection activities of the IRS. Plaintiff's complaint consists only of vague and conclusory fraud and conspiracy allegations, none of which can be supported by any facts set forth in the Complaint.

Title 26 U.S.C. § 7433 provides as follows:

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

In dismissing a section 7433 claim, the court in White noted, "Plaintiff has failed to specifically allege that employees of the IRS 'recklessly or intentionally' disregarded any provision of the Code or the regulations during the 'collection' of a federal tax." White, 899 F.Supp. at 772. The court continued, "Plaintiff's allegations are simply that actions during the IRS *audits* were reckless." Id. Accord, Ludtke v. United States, 84 F.Supp.2d 294 (D.Conn. 1999). Gorod's allegations are simply unsupported, conclusory statements that the defendants took her pension money through some type of fraudulent conspiracy. She has not only failed to allege that the employees of the IRS recklessly or intentionally disregarded the Internal Revenue Code or applicable regulations, she has failed to make <u>any</u> specific allegations of recklessness, intentional disregard, or negligence. Plaintiff's complaint does not allege a single fact that would support such a conclusion and, therefore, she cannot sustain a claim under section 7433.

Plaintiff's allegations are analogous to those set forth by the plaintiffs in Parkinson v. United States, 175 F. Supp. 2d 1233 (D. Idaho 2001), and should similarly be dismissed for failure to state a claim. The court in Parkinson found that "[f]ailure to state a claim is fatal to Plaintiffs' claims. Plaintiffs' general averments of some type of grand 'Mormon' conspiracy, various constitutional and statutory violations, and fraud are vague and conclusory. Plaintiffs' laundry list of alleged criminal conduct fail to allege any specific facts or tie the IRS defendants to the alleged conduct. Such failures are fatal to Plaintiffs' claims against the IRS Defendants."

Id. at 1239.

In the instant case, Plaintiff's allegations of fraud and conspiracy are entirely vague and conclusory. Plaintiff does not set forth any facts whatsoever in the Complaint that support her conclusions. In addition, Plaintiff's allegations do not suggest any actionable claim under which she is entitled to recover damages. For these reasons, the Court should therefore grant the defendants' motion to dismiss.

B.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

Even assuming, *arguendo*, that the Plaintiff could state a claim under the FTCA or 26 U.S.C. § 7433, which as discussed above she cannot, her Complaint should be dismissed for failure to exhaust administrative remedies. "The United States Supreme Court has made it clear that a plaintiff cannot pursue an action under the FTCA unless all available administrative remedies are first exhausted." Bank of N.H. v. United States, 115 F.Supp.2d 214, 221 (D.N.H. 2000) (citing McNeil v. United States, 508 U.S. 106 (1993)). The proper procedures for bringing an action under the FTCA appear in 28 U.S.C. § 2675(a):

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

In this case, the Plaintiff alleges that she sent a letter to the IRS on November 12, 2003, and that she has yet to receive a response. Complaint ¶ 11. Under 28 U.S.C. § 2675(a), the plaintiff

cannot institute an action against the United States for money damages until the IRS has denied her claim in writing or until approximately May 12, 2004, whichever date is first. Therefore, Plaintiff's action was filed prematurely and should be dismissed for lack of subject matter jurisdiction. See Bank of N.H., 115 F.Supp.2d at 222.[2]

Plaintiff has also failed to exhaust administrative remedies under 26 U.S.C. § 7433. Section 7433(d)(1) states that "a judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The plaintiff "bears the burden of pleading, production and, ultimately, proof" in demonstrating that she has exhausted her administrative remedies. White, 899 F.Supp. at 772. The administrative remedies under section 7433 are set forth in 26 C.F.R. § 301.7433-1 and, in sum, provide that one must make an administrative claim with the IRS prior to bringing suit in a federal district court. See 26 C.F.R. § 301.7433-1(a)(2); People of California ex rel. Ervin v. District Director, 170 F.Supp.2d 1040, 1050 (E.D.Cal. 2001).

Gorod has clearly failed to exhaust administrative remedies available under section 7433. Not only has she failed to met her burden to demonstrate that she has exhausted her administrative remedies, she has even failed to allege that she has exhausted administrative remedies. Therefore, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction due to her failure to exhaust administrative remedies.

---

[2] The Plaintiff's complaint does not request an injunction against the IRS's levy action. If the Plaintiff's complaint is interpreted as requesting an injunction, the Anti-Injunction Act severely limits the court's ability to provide injunctive relief. See 26 U.S.C. § 7421(a).

## C. THE INDIVIDUAL FEDERAL DEFENDANTS SHOULD BE DISMISSED

Even assuming that the federal employees have been served,[3] they should be dismissed from the action because of their qualified immunity. In addition, Plaintiff has failed to allege a single fact establishing a causal connection between the federal employees and her alleged injury.

Generally, "[i]ndividual federal employees possess qualified immunity from law suits for their actions taken in the course of their official duties." National Bank of Fairhaven v. U.S., 660 F.Supp. 125, 129 (D.Mass. 1987). The *Bivens* doctrine "gives individuals federal tort claims against government officials for constitutional violations." Day v. Mass. Air Nat Guard, 167 F.3d 678, 682 (1st Cir.1999) (citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)). An "action under *Bivens* can be maintained against the defendant only in the defendant's individual capacity." Depew v. Hawk, 20 F.Supp.2d 132, 134 (D.Mass. 1998). "Causation between the official's conduct and the alleged injury are therefore necessary for there to be liability." National Bank of Fairhaven, 660 F.Supp. at 130.

Plaintiff's lawsuit names Mark Everson, Commissioner of the IRS, and Susan Meredith, Operations Manager of the IRS. Yet, the Complaint fails to allege any actions taken by either of them. Moreover, the collection and assessment of tax liability is clearly within the scope of their duties as federal officials.

---

[3] Plaintiff names two federal employees, Mark Everson and Susan Meredith, in their official capacities in the Complaint. However, Plaintiff has failed to properly serve the named defendants in compliance with Fed. R. Civ. P. 4. Fed. R. Civ. P. 4(i)(2)(A) provides, "service on an . . . officer or employee of the United States sued only in an official capacity, is effected by serving the United States . . . and by also sending a copy of the summons and complaint by registered or certified mail to the officer, [or] employee[.]" Therefore, the court lacks personal jurisdiction over the defendants and they should be dismissed from the action.

9

The exception created by the *Bivens* doctrine for maintaining lawsuits against federal officials, is inapplicable in this case for two primary reasons. First, that doctrine allows for federal employees to be sued for <u>constitutional</u> violations. There are no constitutional violations alleged, nor are the any facts set forth in the Complaint that implicate any constitutional violation.[4] See <u>McMillen v. U.S. Dept. of Treasury</u>, 960 F.2d 187, 190 (1st Cir. 1991) (negligence and lack of accuracy of an IRS agent does not rise to the level of a constitutional violation). Also, Plaintiff's complaint does not set forth any facts establishing a causal connection between the alleged fraudulent conspiracy on the part of the defendants and plaintiff's alleged injury. Without any causal link, the defendants cannot be liable. <u>National Bank of Fairhaven</u>, 660 F.Supp. at 130 ("Causation between the official's conduct and the alleged injury are therefore necessary for there to be liability."). <u>See also</u> <u>Gonsalves v. I.R.S.</u>, 791 F.Supp. 19, 21 (D.Me. 1992) ("defendant cannot be liable for damages arising from an alleged constitutional violation unless he or she was personally involved in the commission of the acts complained of by the plaintiff").

The federal employees named as defendants in the Plaintiff's complaint are immune from Plaintiff's claims and, therefore, should be dismissed from the action.

---

[4] Under <u>Bivens</u>, the plaintiff must bring suit against the individual federal employees in their individual capacities. Therefore, even if the facts merit a lawsuit, which they clearly do not, the plaintiff has erroneously named the defendants in their official capacities.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its attorneys,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney
One Courthouse Way
U.S. Courthouse, Suite 9200
Boston, MA 02210
(617) 748-3100

February 9, 2004

### Certificate of Service

I hereby certify that a true copy of the above document was served by United States Mail, postage prepaid, upon: Gertrude Gorod, P.O Box 856, Everett, MA 02149, and Stephen Dick, Esq., Assistant Attorney General, Commonwealth of Massachusetts, 200 Portland Street, 3d Floor, Boston, MA 02114.

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney

February 9, 2004