UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERTRUDE GOROD,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, MARK EVERSON, COMMISSIONER OF THE INTERNAL REVENUE SERVICE, SUSAN MEREDITH, OPERATION MANAGER, MARK FINNERTY,<br>Defendants. | CIVIL ACTION<br>NO. 03cv12454 MLW |

## COMMONWEALTH DEFENDANT MARK FINNERTY'S MOTIONS TO DISMISS THE COMPLAINT AS AGAINST HIM FOR LACK OF SUBJECT MATTER JURISDICTION, AND/OR FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(c), Commonwealth Defendant Mark Finnerty moves to dismiss the Complaint in the above-captioned matter for lack of subject matter jurisdiction, and/or for moves for judgment on the pleadings for the Plaintiff's failure to state a claim for relief. As discussed in the Memorandum of Law below, there are virtually no allegations against Defendant Finnerty, the sole claim against him, for conspiracy, is insufficiently pled, and at all events the Federal Court is without subject matter jurisdiction of a complaint against the Commonwealth or a commonwealth official sued in his official capacity.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I certify that on January 21, 2004 and January 23, 2004, I specifically requested, by copy of two separate transmittal letters to the Clerk of the Court, that Plaintiff contact me -- her phone number being unlisted -- "for a conference pursuant to Local Rule 7.1(A)(2)." Plaintiff has not

done so, and there has been no conference.

_____
Stephen Dick BBO # 560508
Assistant Attorney General

## FACTS

Ms. Gorod is a frequent litigator against the state and federal governments in both state and federal courts.[1] It does not appear that she has ever received relief in any court. The Complaint alleges that Defendant "Mark Finnerty, is an employee of the Massachusetts Retirement." ¶5. The only other allegation against Mr. Finnerty is that he participated in a conspiracy, ¶10, with co-defendant Susan Meredith, who is alleged to be an IRS "Operation Manager" in California. ¶4. What these Defendants conspired to do is not alleged, nor are there any allegations about the conspiracy.

Ms. Gorod complains that the IRS improperly garnished $1,728.35, ¶8, out of her pension check without notice to her. *Id.* What this contended IRS action has to do with the Commonwealth or Defendant Finnerty is not alleged.

## ARGUMENT

1. **There Are No Cognizable Allegations Against Defendant Finnerty and the Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(c) for Failure to State a Claim.**

On a Motion to Dismiss, "the threshold demands on the pleader are low."[2] Pro se pleadings are more liberally construed against even less stringent standards.[3] Furthermore, where

---

[1] See attached decisions.

[2] Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1991).

[3] Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979).

the pleading is merely "inartful," a motion to dismiss is not the proper remedy.[4]

Nevertheless, the pleading rules are "not entirely toothless,"[5] and the "minimal requirements are not tantamount to nonexistent requirements."[6] Even in the pro se setting, a trial court is simply not required to go so far as to "conjure up unpleaded facts to support conclusory allegations."[7] A plaintiff must set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"[8] The plaintiff cannot rely upon "subjective characterizations or unsubstantiated conclusions.[9] "Empirically unverifiable' conclusions, not logically compelled, or at least supported by the stated facts," deserve no deference.[10]

The present Complaint pleads virtually no facts against Defendant Finnerty. Moreover, "[c]ivil conspiracy is a very limited cause of action in Massachusetts."[11] A claim for conspiracy under Massachusetts law must "allege that defendants, acting in unison, had 'some peculiar

---

[4] Sisbarro v. Warden, Massachusetts State Penitentiary, 592 F.2d 1, 2 (1st Cir. 1979).

[5] Fleming, 922 F.2d at 23.

[6] Gilbert v. Cambridge, 932 F.2d 51, 62 (1st Cir. 1991).

[7] Hurney, 602 F.2d at 995; McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

[8] Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991), quoting, Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

[9] Fleming, 922 F.2d at 23.

[10] United States v. AVX Corp., 962 F.2d 108, 114 n.8 (1st Cir. 1992); Dartmouth Review, 889 F.2d at 16. "A reviewing court 'need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990), even when such phantoms are robed by the pleader in the guise of facts.

[11] Carroll v. Xerox Corp., 294 F.3d 231, 243 (1st Cir. 2002) (citation omitted).

power of coercion' over [plaintiff] him that they would not have had if acting independently."[12]

There are only two allegations against Defendant Finnerty: that he "is an employee of the Massachusetts Retirement," ¶5, and that he participated in a conspiracy with a co-defendant IRS employee in California, ¶10, "based on the facts and evidence." *Id.* These facts and evidence are not alleged; nothing regarding the nature of the conspiracy is pled, let alone any agreement between the two defendants, or the facts necessary to allege group coercive power.

Plaintiff's conspiracy claim -- the only claim against Defendant Finnerty fails and should be dismissed under Fed. R. Civ. P. 12(c).

2. **The Court is Without Subject Matter Jurisdiction of A Complaint Against the Commonwealth or Its Officials and the Claim Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(c).**

Unless it seeks injunctive relief, a suit against a state official in his official capacity is a suit against the state, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and "the Supreme Court has consistently held that the Eleventh Amendment protects an unconsenting state from suits brought by her own citizens as well as citizens of other states." *Forte v. Sullivan*, 935 F.2d 1, 2 (1st Cir. 1991).

> "For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'"

*Seminole Tribe of Florida v. Florida*, 116 S.Ct. 1114, 1122 (1996), quoting, *Hans v. Louisiana*, 134 U.S. 1, 33 (1890), and citing, *Edelman v. Jordan*, 414 U.S. 651, 652-653 1974); *Pennhurst*

---

[12]*Carroll*, 294 F.3d at 243 (allegations that defendants' group power surpassed their individual power did "not indicate that defendants, acting in concert, enjoyed a 'peculiar power of coercion'"), quoting *Fleming*, 304 Mass. at 50.

*State School and Hospital v. Halderman*, 465 U.S. 89, 97-100 (1984); *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 98 (1st Cir. 1990).

Massachusetts has not waived its sovereign immunity for 11th Amendment purposes. *Irwin v. Commissioner of the Dept. of Youth Services*, 388 Mass. 810, 819, 821, 448 N.E.2d 721 (1983).

There being no subject matter jurisdiction of a claim against Defendant Finnerty, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(c).

## CONCLUSION

For the above reasons, the Court should allow this Motion.

**Certificate of Service**
I certify that I served the above **Commonwealth Defendant Mark Finnerty's Motions to Dismiss the Complaint as Against Him for Lack of Subject Matter Jurisdiction, And/or for Judgment on the Pleadings for Failure to State a Claim**, upon Plaintiff pro se via first-class mail addressed to Gertrude Gorod, P.O. Box 856, Everett MA 02149, on February 10, 2004.

Dated: February 10, 2004

Defendant,
Mark Finnerty,
By His Attorneys,

THOMAS F. REILLY,
ATTORNEY GENERAL

Stephen Dick, BBO # 560508
Assistant Attorney General
200 Portland Street, 3rd Floor
Boston, MA 02114
(617) 727-2200  x 3324