```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


GERTRUDE GOROD,                     )
          Plaintiff,                )
                                    )
   v.                               )   C.A. No. 03-12454-MLW
                                    )
UNITED STATES OF AMERICA, et al.,   )
          Defendants.               )
                                    )
                                    )
```

                    MEMORANDUM AND ORDER

WOLF, D.J.                                       August 25, 2004

     On December 5, 2003, plaintiff Gertrude Gorod, acting pro se, commenced this action requesting injunctive and monetary relief against the United States government; Mark Evenson and Susan Meredith, two agents and officers of the Internal Revenue Service ("IRS"); and Mark Finnerty, a Massachusetts state official.

     Liberally construed, plaintiff's complaint alleges that defendants have caused her pain and suffering, as well as monetary loss, by engaging in fraud and an alleged "conspiracy" to wrongfully levy money from her pension checks. Gorod seeks damages of $500,000,000, for her alleged monetary loss as well as for pain and suffering arising out of the assessment of taxes; legal fees, punitive damages and any other relief the court deems proper. The complaint and proposed amended complaints do not request permanent injunctive relief.

Defendants United States of America and IRS officers Mark Evenson and Susan Meredith ("the federal defendants") have moved to dismiss (Docket No. 13) both for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Finnerty has also moved to dismiss plaintiff's original complaint and her second amended complaint (Docket Nos. 15, 20) pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has opposed the motion to dismiss her second amended complaint.

The motions to dismiss are meritorious. While federal courts do have a duty to construe pro se complaints liberally, "pro se plaintiffs must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate when the court lacks jurisdiction over the claims or the parties and when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001). Gorod's original complaint makes only conclusory allegations of "fraud" and "conspiracy," without alleging facts or evidence to bolster her claim or citing to any law she alleges the defendants' actions have violated. Her complaint thus fails, even when construed with the required liberality, to suggest an actionable claim. Moreover, plaintiff's two proposed amendments to her complaint, made after defendants had filed

responsive pleadings, do not allege additional facts or evidence, but merely increase the amount of her demand. Therefore, even if this court were to use its discretion to permit Gorod's amendments under the liberal standard of Fed. R. Civ. P. 15(a), she still has not stated a claim upon which relief may be granted.

The federal defendants' motion to dismiss is also meritorious because the United States has not waived its sovereign immunity under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2674 et seq,[1] for actions arising out of the collection of taxes. See 28 U.S.C. § 2680(c); McMillen v. U.S. Department of Treasury, 960 F. 2d 187, 188 (1st Cir. 1991); White v. Commissioner of I.R.S., 899 F. Supp. 767, 774 (D. Mass. 1995).

In addition, plaintiff did not exhaust her administrative remedies as required by 28 U.S.C. §2675(a) before filing suit in this court. The First Circuit has explained that "[i]t is well settled law that an action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency." Attallah v. United States, 955 F.2d 776, 779 (1st Cir.

---

[1] Plaintiff did not cite the FTCA, or any other law. However, the court has liberally construed plaintiff's complaint in an effort to discern a potential FTCA claim.

3

1992). In order for an administrative claim to be properly and timely filed under the FTCA, the filing must be made within two years of the claim's accrual. See 28 U.S.C. § 2401(b)[2]; Gonzalez-Bernal v. United States, 907 F.2d 246 (1st Cir. 1990). In the event that the administrative claim is denied, a suit must be brought within six months following the denial. 28 U.S.C. § 2401(b); Gonzalez-Bernal, 907 F.2d at 249. Gorod filed suit in this court on December 5, 2003, after allegedly having written to the IRS on November 12, 2003. Because Gorod filed this action less than a month after sending her letter to the IRS, having not received a denial or response of any kind, she has not exhausted her administrative remedies and her implied FTCA claims would not be properly before this court even if the United States had waived its sovereign immunity concerning the subject matter of this suit.

Defendant Finnerty's motion to dismiss is also meritorious. While plaintiff's complaint does not allege a violation of 42 U.S.C. §1983, her vague reference to the United States Constitution could be interpreted to imply a suit pursuant to

---

[2] 28 U.S.C. §2401(b) provides that: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

§1983 for damages. It is well-settled law, however, that neither a state nor a state official in his official capacity is a "person" for purposes of a §1983 damages action, meaning that neither may be sued for damages under §1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Gorod's claims for damages, therefore, fail as to Finnerty, since she has sued him in his official capacity as an employee of the Commonwealth.

For all of the foregoing reasons, the motions to dismiss are meritorious. Accordingly, it is hereby ORDERED that:

1. Defendants United States of America, Mark Everson and Susan Finnerty's Motion to Dismiss (Docket No. 13) is ALLOWED.

2. Defendant Mark Finnerty's Motions to Dismiss (Docket Nos. 15 and 20) are ALLOWED.

3. Plaintiff Gertrude Gorod's motions for a temporary restraining order against all defendants (Docket No. 2), for the entry of default judgments against Mark Everson and Mark Finnerty (Docket No. 9), to strike defendant Mark Finnerty's Answer (Docket No. 11), for sanctions against Finnerty's attorney (Docket No. 12), and to amend her complaint (Docket Nos. 16 and 19) are MOOT.

4. This case is DISMISSED.

```
           _____/s/ Mark L. Wolf_____
           UNITED STATES DISTRICT JUDGE
```